IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE CHAD A. PASSA & LISA M. HART,<br><br>Debtors, | MEMORANDUM DECISION AND ORDER<br>• MOOTING [12] MOTION TO CONSOLIDATE CASES;<br>• DENYING [11] MOTION TO INTERVENE; and<br>• GRANTING [18] MOTION FOR EXTENSION OF TIME |
| KELLY G. CLARK,<br><br>Appellant,<br><br>v.<br><br>CHAD A. PASSA, and LISA M. HART,<br><br>Appellees. | •<br>Case No. 2:18-cv-00006 DN<br><br>District Judge David Nuffer |

Appellant Kelly G. Clark ("Clark") filed the Notice of Appeal[1] seeking to appeal the

Bankruptcy Court's December 1, 2017 Order Granting Motion for Sanctions for Violation of the

Automatic Stay and Granting Motion for Sanctions for Violation of the Discharge Injunction

("the Order").[2] In the Order, Clark was ordered to pay $1,798.80 in damages to Debtors (and the

Appellees in this appeal) Chad A. Passa and Lisa M. Hart for violating the Automatic Stay.[3]

Clark was also ordered to pay $2,726.64 in damages for violating the Discharge Injunction.[4]

---

[1] Notice of Appeal from Bankruptcy Court, docket no. 1, filed February 2, 2018.

[2] *See* Notice of Appeal, Exhibit 1, Order Granting Motion for Sanctions for Violation of the Automatic Stay and Granting Motion for Sanctions for Violation of the Discharge Injunction, docket no. 1-1, filed February 2, 2018.

[3] *Id.* at 2.

[4] *Id.*

Because the award of damages for violating the Discharge Injunction was imposed as a joint and several obligation on Clark and his attorney,[5] Movant Albert Pranno ("Pranno"), Pranno moved to intervene (the "Motion to Intervene")[6] in this bankruptcy appeal. Pranno also filed a separate appeal of the Order. Clark then moved to consolidate (the "Motion to Consolidate")[7] Pranno's separately filed appeal of the Order with this appeal. With these two motions pending, Clark also filed the Motion to Extend Deadline to File Appellants' Brief (the "Motion to Extend Deadline).[8] None of the Motions were opposed the Appellees.

Pranno's separately filed appeal was dismissed with prejudice because Pranno conceded it was untimely filed.[9] The Motion to Consolidate is therefore moot. But, based on the issues presented by the Motion to Intervene in light of the Pranno's untimely appeal and Clark's Motion to Consolidate, Pranno was ordered to file a supplemental brief to the Motion to Intervene.[10] Specifically, Pranno was order to outline, with citation to rule an case law, "why he should be permitted to intervene in this appeal if he failed to timely file an appeal as of right of a Bankruptcy Court Order that directly imposed a joint and several obligation on him."[11] Pranno complied with the Order to show cause,[12] acknowledging that he was not able locate any case law that analyzed Fed. R. Bankr. P. 8013(g).[13]

---

[5] *Id.*

[6] Motion of Albert N. Pranno to Intervene Pursuant to Fed. R. Bank. P. 8013(g), docket no. 11, filed February 12, 2018.

[7] Motion to Join Appeals, docket no. 12, filed February 13, 2018.

[8] Joint Motion to Extend Deadline to File Appellants' Brief, docket no. 18, filed April 6, 2018.

[9] Albert Pranno's Response to Order to Show Cause at 5, Pranno v. Passa, No. 2:18-cv-107-DN, (D. Utah Jan. 23, 2019), ECF. No. 10.

[10] Docket Text Order, docket no. 21, filed January 9, 2019.

[11] *Id.*

[12] Albert Pranno's Supplemental Brief in Support of Motion to Intervene ("Pranno's Supplemental Brief"), docket no. 22, filed January 23, 2019.

[13] *Id.* at 5.

Fed. R. Bankr. P. 8013 establishes that parties may move to intervene in a bankruptcy appeal and provides that:

> an entity that seeks to intervene in an appeal pending in the district court . . . must move for leave to intervene and serve a copy of the motion on the parties to the appeal. The motion … must be filed within 30 days after the appeal is docketed. It must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, **why intervention is being sought at this stage of the proceeding**, and why participating as amicus curiae would not be adequate.[14]

Despite Pranno's argument that intervention is appropriate at this stage of the appeal, the circumstances here do not warrant intervention. Pranno acknowledged in the Motion to Intevene that:

> Pranno has a personal interest in the outcome of this appeal. Clark and Pranno contend that Judge Thurman erred in holding that he did not need to determine whether a particular debt was discharged before sanctioning Clark and Pranno for violating the discharge injunction. If that ruling is overturned (either on account of Clark's appeal, or on account of an appeal by Pranno in his own right), then Clark's damages, if any, will be reduced. **Pranno did not intervene in the bankruptcy court, although the bankruptcy court made a portion of its sanctions order jointly and severally applicable to him personally.[15]**

Fed. R. Bankr. P. 8003 provides that "When two or more parties **are entitled to appeal from a judgment, order, or decree of a bankruptcy court and their interests make joinder practicable, they may file a joint notice of appeal.** They may then proceed on appeal as a single appellant."[16] "When parties have separately filed **timely notices** of appeal, the district court . . . may join or consolidate the appeals."[17]

Because the Order directly imposed an obligation on Pranno, he was entitled to appeal—and should have appealed—that order either through a *timely* filed a joint notice of appeal or

---

[14]Fed. R. Bankr. P. 8013(g) (emphasis added).

[15] Motion to Intervene at 2 (emphasis added).

[16] Fed. R. Bankr. P. 8003(b)(1) (emphasis added).

[17] Fed. R. Bankr. P. 8003(b)(2) (emphasis added).

separate appeal. Pranno did not join in this appeal at the outset and he concedes that at the time

he filed his separate appeal it should have been accompanied by an assertion of excusable

neglect under Fed. R. Bankr. P. 8002(d)(1)(B).[18] But Pranno argues that this omission should be

overlooked because the interventions provisions of Fed. Bankr. P. 8013(g) have "obviated the

need to show excusable neglect."[19]

Pranno's argument would lead to the circumstance where a party can sleep on his or her

right to appeal a bankruptcy order, but still benefit by intervening in an appeal that was timely

filed by another party that was entitled to appeal the same bankruptcy court order. This

contravenes the timing requirements of Fed. R. Bankr. P. 8002 and the appeal as a matter of right

provisions of Fed. R. Bankr. P. 8003.

Although Pranno has an interest in this case, Pranno was specifically entitled to appeal

the Order because the Order explicitly imposed an obligation on him. As Clark's counsel before

the Bankruptcy Court, Clark was on notice that he should have timely filed an appeal under Fed.

R. Bankr. P. 8002 and Fed. R. Bankr. P. 8003. He did not do so, and the intervention provisions

of Fed. Bankr. P. 8013 will not be used to contravene those timing and appellate right

requirements. The Motion to Intervene is denied.

Because the resolution of these novel issues have taken time to resolve, it is necessary to

set new time limits for the submission of briefing under the authority of Fed. R. Bankr. P.

8018(a). The Motion for the Extension of Time is granted. Appellant Clark's brief is to be

submitted within 21 days after the entry of this order and Appellees are to serve their brief within

30 days after service of Clark's brief.

---

[18] Pranno's Supplemental Brief at 3.

[19] *Id.* at 3.

**ORDER**

IT IS HEREBY ORDERED that:

1.  The Motion to Consolidate[20] is MOOT;

2.  The Motion to Intervene[21] is DENIED; and

3.  The Motion for Extension of Time[22] is GRANTED.

IT IS FURTHER ORDERED that Appellant's brief is to be submitted within 21 days

after the entry of this order and Appellees are to serve their brief within 30 days after service of

the Appellant's brief.

Signed March 29, 2019.

                                        BY THE COURT

                                        _____
                                        David Nuffer
                                        United States District Judge

---

[20] Motion to Join Appeals, docket no. 12, filed February 13, 2018.

[21] Motion of Albert N. Pranno to Intervene Pursuant to Fed. R. Bank. P. 8013(g), docket no. 11, filed February 12, 2018.

[22] Joint Motion to Extend Deadline to File Appellants' Brief, docket no. 18, filed April 6, 2018.