IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>CHAD A. PASSA & LISA M. HART,<br><br>Debtors, | **MEMORANDUM DECISION AND ORDER:**<br>• **AFFIRMING THE ORDER OF THE BANKRUPTCY COURT;**<br>• **DISMISSING APPELLANT'S APPEAL; AND** |
| KELLY G. CLARK,<br><br>Appellant,<br><br>v.<br><br>CHAD A. PASSA and LISA M. HART,<br><br>Appellees. | • **REMANDING THIS CASE TO THE BANKRUPTCY COURT FOR THE LIMITED PURPOSE OF DETERMINING WHETHER ATTORNEY'S FEES AND COSTS SHOULD BE AWARDED.**<br><br>Case No. 2:18-cv-00006-DBB<br><br>District Judge David Barlow |

Appellant Kelly G. Clark appeals[1] from the December 1, 2017 Order Granting Motion for Sanctions for Violation of the Automatic Stay and Granting Motion for Sanctions for Violation of the Discharge Injunction (the Order) entered by the United States Bankruptcy Court for the District of Utah (the Bankruptcy Court).[2] Specifically, Appellant argues that sanctions imposed against him by the Order should be reversed because the Bankruptcy Court did not first determine whether certain debts Appellant held as a creditor were dischargeable.[3] Appellees Chad A. Passa and Lisa M. Hart argue that the Order and its sanctions should be affirmed and

---

[1] Notice of Appeal from Bankruptcy Court, ECF No. 1, filed January 2, 2018.

[2] Notice of Appeal, Exhibit 1, Order Granting Motion for Sanctions for Violation of the Automatic Stay and Granting Motion for Sanctions for Violation of the Discharge Injunction, ECF No. 1-2, filed January 2, 2018.

[3] Appellant's Opening Brief at 2-3, ECF No. 24, filed April 19, 2019.

that the case be remanded to the Bankruptcy Court for the limited purpose of awarding attorney fees and costs pursuant to 11 U.S.C. § 362(k).[4]

The appeal is fully briefed[5] and the court has reviewed the record. Under the authority of Fed. R. Bankr. P. 8019, the court determines that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument court."[6] Because Appellant failed to raise the arguments to the Bankruptcy Court that he raises now on appeal, the Order is affirmed and the appeal is dismissed.

## BACKGROUND

On May 22, 2014, Appellees filed a joint chapter 13 petition in Bankruptcy Court.[7] Appellant Kelly Clark filed a Motion for Relief From Stay in Appellees' bankruptcy case, in which he sought permission to resume state court litigation regarding a supplemental divorce decree with Appellee Hart and civil conspiracy case against both Appellees.[8] Appellant sought to obtain default judgment in these cases.[9] During a hearing on the motion, Appellant's counsel at the time agreed with Appellees' counsel's representation to the Bankruptcy Court that there would be no "claim for a dischargeability dispute" associated with these judgments in the bankruptcy case.[10]

---

[4] Appellees' Brief at 16, ECF No. 27, filed May 27, 2019.

[5] *See* Appellant's Opening Brief at ECF No. 24, filed April 19, 2019; Appellees' Brief at 16, ECF No. 27, filed May 27, 2019; and Appellant's Reply Brief, ECF No. 30, filed June 3, 2020.

[6] Fed. R. Bankr. P. 8019(b)(3).

[7] Appellant's Opening Brief at 1.

[8] *Id.*

[9] Appellees' Brief at 1-2.

[10] Appellant's Reply Brief at 12.

The Bankruptcy Court granted this motion over the Appellees' objection on October 7, 2014,[11] and Appellant obtained default judgments in these cases.[12] Although the Bankruptcy Court specified that Appellant was to file these judgments as claims in the Bankruptcy Court, Appellant recorded these judgments in the Salt Lake County Recorder's Office on November 18, 2015.[13]

On September 15, 2017, the Bankruptcy Court entered an Order of Discharge as to Appellees' debts.[14] On September 22, 2017, Appellant recorded one of the default judgments in the Salt Lake County Recorder's Office again.[15] On September 29, 2017, the Debtors filed a Motions for Sanctions for Violation of the Automatic Stay.[16] On October 28, 2017, the Debtors filed a Motion for Sanctions for Violation of the Discharge Injunction.[17]

On December 1, 2017, the Bankruptcy Court entered the Order Granting Motion for Sanctions for Violation of the Automatic Stay and Granting Motion for Sanctions for Violation of the Discharge Injunction.[18] The Order sanctioned Appellant's recordings as violations of the automatic stay and the discharge order and awarded damages to Appellees.[19] Appellant timely appealed that order.[20]

---

[11] Appellant's Opening Brief at 1.

[12] Appellees' Brief at 2.

[13] *Id.*

[14] Appellant's Opening Brief at 1.

[15] Both Appellant and Appellees offer that both judgments were recorded on September 22, 2017. But the Bankruptcy Court, in its Memorandum Decision published after the December 1, 2017 Order, specified that it only had received evidence of the recording of one of these judgments. *See* Appellees' Appendix, Exhibit 1, Memorandum Decision at 4, ECF No. 28, filed May 21, 2019.

[16] Appellees' Brief at 2.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] Notice of Appeal from Bankruptcy Court (Notice of Appeal), ECF No 1, filed January 2, 2018.

Appellant raises the following issues on appeal:

I.     Did the Bankruptcy Court err in determining that Appellant's recordation of judgment liens violated the bankruptcy discharge injunction, without first determining whether the debts at issue were dischargeable?[21]

II.    Did the Bankruptcy Court err in determining that the bankruptcy discharge voided the judgments obtained by Appellant, while expressly declining to make any finding about the dischargeability of the judgments?[22]

III.   Did the Bankruptcy Court err in applying the standards under 11 U.S.C. § 523(a)(6) for a debt governed by 11 U.S.C. § 1328(a)(4)?[23]

IV.    Did the Bankruptcy Court err in holding that its order regarding stay relief remained in effect after entry of the bankruptcy discharge?[24]

## DISCUSSION

In reviewing a bankruptcy court's decision, a district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand rulings and orders of the bankruptcy court.[25] It is well established in the Tenth Circuit that"[a]s a general rule" a court hearing a bankruptcy appeal "'does not consider an issue not passed upon below.'"[26] "This rule is not absolute, however. 'The matter of what questions may be taken up and resolved for the first time

---

[21] Appellant's Opening Brief at 2.

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.*

[25] 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8013

[26] *In re C.W. Mining Co.*, 625 F.3d 1240, 1246 (10th Cir. 2010) (quoting *Singleton v. Wulff,* 428 U.S. 106, 120, (1976)).

on appeal is one left primarily to the [court's] discretion . . . to be exercised on the facts of individual cases.'"[27]

Exercising this discretion on appeal is rare—it is to be utilized only in instances presenting "the most manifest error."[28] And even then, it is "limited to cases where the jurisdiction of a court to hear a case is questioned, sovereign immunity is raised, or when the appellate court feels it must resolve a question of law to prevent a miscarriage of justice."[29]

Because these instances are so rare and limited, it is incumbent on an appellant to "articulate a reason" why the court should depart from this general rule.[30] In the present matter, Appellant repeatedly acknowledges throughout the opening brief that the issues he raises on appeal *were not* raised to the Bankruptcy Court.[31] And Appellant offers no argument that this case is one of those limited types of cases where addressing Appellant's issues would be appropriate. Because of this, the court will not take up any of Appellant's issues. Additionally, the court notes that Appellant's two primary arguments—both of which are grounded on the fact that the Bankruptcy Court did not make a dischargeability finding—appear to exist because the parties represented to the Bankruptcy Court that there were no dischargeability issues. These arguments are foreclosed not only because they were not properly raised before the Bankruptcy Court but also because, under the invited error doctrine, Appellant is estopped from arguing an alleged error he helped induce.[32]

---

[27] *Id.* (quoting *Singleton* 428 U.S. at 120).

[28] *Id.*

[29] *Id.* (quoting *Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir.1991)).

[30] *In re Walker,* 959 F.2d 894, 896 (10th Cir. 1992).

[31] Appellant's Opening Brief at 10 (as to the first issue), 13 (acknowledging that the second issue is tied to the first issue, which Appellant acknowledges was not raised to the Bankruptcy Court), 15 (as to the third issue), and 16 (as to the fourth issue).

[32] *See U.S. v. Wells*, 519 U.S. 482, 488 (1997) (noting that a party may not complain on appeal of errors that he himself invited or provoked) (cleaned up); *United States v. Jereb*, 882 F.3d 1325, 1338 (10th Cir. 2018) (explaining

For the foregoing reasons, the appeal is dismissed and the Order is affirmed.

Given the language of 11 U.S.C. § 362(k), this case will be remanded to the Bankruptcy Court for the limited purpose of determining whether reasonable attorneys' fees and costs should be awarded to Appellees for defending this appeal.

### ORDER

IT IS HEREBY ORDERED that the Bankruptcy Court's Order Granting Motion for Sanctions for Violation of the Automatic Stay and Granting Motion for Sanctions for Violation of the Discharge Injunction[33] is AFFIRMED. The Appeal[34] is DISMISSED.

IT IS FURTHER ORDERED that this case is REMANDED to the Bankruptcy Court for the limited purpose of determining whether the Appellees should be awarded their reasonable attorneys' fees and costs incurred in defending this appeal under 11 U.S.C. § 362(k).

The clerk is directed to close the case.

Signed June 23, 2020.

BY THE COURT

David Barlow
United States District Judge

---

that invited-error doctrine "prevents a party who induces an erroneous ruling from being able to have it set aside on appeal"); *United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005) (teaching that "invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party. . .urged the district court to adopt").

[33] Notice of Appeal, Exhibit 1, Order Granting Motion for Sanctions for Violation of the Automatic Stay and Granting Motion for Sanctions for Violation of the Discharge Injunction, ECF No. 1-2, filed January 2, 2018.

[34] Notice of Appeal from Bankruptcy Court, ECF No. 1, filed January 2, 2018.